FILED

2009 OCT -8  PM 3: 40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Sahag Majarian II - State Bar No. 146621
   LAW OFFICES OF SAHAG MAJARIAN II
2  18250 Ventura Boulevard
   Tarzana, California 91356
3  Telephone: (818) 609-0807
   Facsimile: (818) 609-0892
4  sahagii@aol.com

5

6  Zorik Mooradian, State Bar No. 136636
   LAW OFFICES OF ZORIK MOORADIAN
7  16501 Ventura Boulevard, Suite 410
   Encino, CA 91436
8  Telephone: (818)783-4700
   Facsimile: (818)783-8983
9  zmooradian@aol.com

10 Attorneys for Plaintiff BENJAMIN GRANADOS
   individually and on behalf of other persons similarly situated

11

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14
   BENJAMIN GRANADOS, individually   )  Case No.  CV09  07329  CBM  (FFMx)
15 and on behalf of other persons similarly )
   situated,                          )  **COMPLAINT FOR DAMAGES AND**
16                                     )  **RESTITUTION**
                 Plaintiff,           )
17                                     )  FLSA COLLECTIVE ACTION AND
                                       )  CALIFORNIA CLASS ACTION
18       vs.                           )
                                       )  [28 U.S.C. § 1331]
19                                     )  [28 U.S.C. § 1332(d)(2)]
   BIMBO BAKERIES USA, INC., and       )  [29 U.S.C. §§ 201 *et seq.*]
20 DOES 1 through 10,                  )
                                       )  **DEMAND FOR JURY TRIAL**
21                                     )
                 Defendants.          )
22                                     )
                                       )
23                                     )
   _____ )
24

25

26

27

28

_____
                FLSA COLLECTIVE ACTION AND CALIFORNIA CLASS ACTION
                COMPLAINT FOR DAMAGES AND RESTITUTION
                                    1

Plaintiff Benjamin Granados ("Plaintiff") on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     This case arises out of defendant Bimbo Bakeries USA, Inc.'s ("Defendant") policy, practice, custom, protocol, procedure, routine and/or rule of rounding its hourly paid employees' time resulting in Defendant's failure to pay such employees minimum and overtime wages, failure to provide accurate wage statements, and failure to timely pay its employees final wages upon their resignations or discharges within the time periods prescribed by the California Labor Code.   For himself and other similarly situated current and former employees of Defendant, Plaintiff seeks damages and injunctive relief under the Fair Labor Standards Act for unpaid overtime, the California Labor Code for unpaid wages and failure to provide accurate wage statements, and restitution of owed and unpaid monies under Business and Professions Code § 17203.

## VENUE

2.     Venue is proper in this Judicial district because work was performed by Plaintiff and other employees in this District and Defendants' obligations to Plaintiff and other employees in accordance with the Fair Labor Standards Act and the California Labor Code were breached in this District.

## JURISDICTION

3.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  This Court has supplemental jurisdiction over the state law claims.  The state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

//

4.      This Court also has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2).   The number of proposed Class members is more than 500, the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and Plaintiff is a citizen of a state different than Defendant.   At all times relevant to this action, Defendant has been a citizen of Delaware.

## THE PARTIES

**A.      Plaintiff & Class Members**

5.      Plaintiff was employed by Defendant as an hourly paid bakery employee in Los Angeles County, California from October 29, 2006 through January 20, 2009. During his employment, Plaintiff regularly worked more time than he was paid for including time over 40 hours a week, yet Defendant failed to pay Plaintiff minimum wages for all hours worked and for all overtime hours worked.   Specifically, Defendant had a policy, practice, custom, protocol, procedure, routine and/or rule of recording all of Plaintiff's work time, designating such time on payroll records as "Actual Time", but then "rounding" said time, most often down, so that during the course of his employment, Plaintiff was paid for less than he would have been paid had he been paid for "Actual Time" rather than rounded time.   On January 20, 2009, Plaintiff was terminated, at which time Defendant did not pay him his final wages.   The final payment Defendant made to Plaintiff did not take place until January 30, 2009.   Defendant still has not paid all unpaid minimum and overtime wages owing to Plaintiff.   Plaintiff did not receive accurate itemized wage statements including all statutory mandated information.

6.      Plaintiff seeks to represent similarly situated current and former employees of Defendants who, pursuant to Defendants' rounding policies and practices, like Plaintiff, were not paid minimum wages for all hours worked, were not paid overtime wages for all overtime worked, were not paid their final wages timely upon termination

//

1  of employment, and did not receive accurate itemized wage statements including all

2  statutory mandated information.

3  **B.   Defendants**

4  7.   Defendant Bimbo Bakeries USA, Inc. is a Delaware corporation with its

5  principal place of business in Texas.  It does business in the Central District of

6  California.  Defendant is a major baker and distributor of food products in the United

7  States.  It operates numerous locations throughout the State of California and the United

8  States.  Defendant is the former employer of Plaintiff and the current and former

9  employer of other Class members.

10  8.   Plaintiff is informed and believes and thereon alleges that at all times

11  relevant to this action the named Defendant Bimbo Bakeries USA, Inc. and Defendants

12  DOES 1 through 10 ("DOE Defendants") were affiliated and were an integrated

13  enterprise.  Defendant Bimbo Bakeries USA, Inc. and the DOE Defendants are referred

14  to collectively herein as "Defendants."

15  9.   Plaintiff is unaware of the true names, capacities, relationships, and extent

16  of participation in the conduct herein alleged of Defendant and the DOE Defendants, but

17  is informed and believes and thereon alleges that said DOE Defendants are legally

18  responsible for the wrongful conduct alleged herein and therefore sues these Defendants

19  by such fictitious names.  Plaintiff will amend this Complaint to allege the true names

20  and capacities of the DOE Defendants when ascertained or when such facts pertaining to

21  their liability are ascertained, or as permitted by law or by the Court.

22  10.   Plaintiff is informed and believes and thereon alleges that each Defendant,

23  directly or indirectly, or through agents or other persons employed Plaintiff and the other

24  employees described in the Class definitions below, and exercised control over their

25  wages, hours, and working conditions.  Plaintiff is informed and believes and thereon

26  alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint

27  venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent

28

corporation, successor in interest, and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiff brings the First Claim for Relief for violations of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).   Plaintiff brings this FLSA collective action on behalf of all others similarly situated who have been, are, or will be employed by Defendants in any hourly paid position or positions at any of Defendants' facilities throughout the United States at any time on or after October 8, 2006 (the "FLSA Period"), whose time records and pay records as employees of Defendants reflect a policy of Defendants to pay such employees on the basis of "rounded" time (the "FLSA Collective Plaintiffs").

12.    At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, and have been subject to the same rounding and pay practices, procedures, protocols and plans.  Defendants willfully rounded hours, and in doing so, did not properly pay Plaintiff at the legally required time-and-one-half rates for work in excess of forty (40) hours per workweek.  Plaintiff's claims as stated herein are similar to those of members of the FLSA Collective Plaintiffs.

13.    The First Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  For purposes of notice and other purposes related to this action, the names and addresses of the FLSA

1   Collective Plaintiffs are readily available from Defendants.  Notice can be provided to

2   the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant

3   employer.

4        14.   Attached hereto as Exhibit "A" is Plaintiff's signed consent to the filing of

5   the FLSA claims alleged herein on his behalf against Defendant.  Plaintiff is informed

6   and believes and thereon alleges that a great many of the FLSA Collective Plaintiffs will

7   sign and file such consents.

8

9   **CALIFORNIA CLASS ACTION ALLEGATIONS**

10        15.   Plaintiff brings the California law claims for relief on behalf of himself and

11   all other similarly situated persons as a class action pursuant to Rule 23 of the Federal

12   Rules of Civil Procedure.  The members of the California Class belong to one or two

13   classes defined as follows:

14

15   **California Hourly Paid Employee Class:** All persons who have been, are, or will be employed by Defendants in any hourly paid position or positions in California at any time during the period beginning October 8, 2005 and ending on the date notice of Class certification is mailed to the Class (the "California Class Period"), whether they are still employed by Defendant or not, whose time records and pay records as employees of Defendants reflect a practice of Defendants to "round" time records, and pay such employees on the basis of the rounded time.  This Class includes a sub-class of former California Hourly Paid Employees.

19   **California Former Employee Class:**  All persons employed by Defendant in any or position whose employment in California ended at any time during the period October 8, 2005 through the date Notice of Class certification is mailed to the Class who received a payment of wages by check, direct deposit, or other means, dated, per company records, after the last day, per company records, of their employment.

23        16.   Plaintiff reserves the right to amend or modify the California Class

24   descriptions with greater specificity, by further division into subclasses, or by limitation

25   to particular issues.

26        17.   Plaintiff and California Class members are covered under California

27   Industrial Welfare Commission Wage Order 1-2001 regulating wages, hours, and

28

working conditions in the manufacturing industry.

18.     The California Class claims have been brought and may be maintained as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure because there is a well-defined *community of interest* among many persons who comprise a *readily ascertainable* Class:

a.      **Numerosity**.  The Class members are so numerous that the individual joinder of all of them as plaintiffs is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are more than 500 Class members.  Therefore, joinder of all Class members as individual plaintiffs is impracticable.

b.      **Common Questions Predominate**.  Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.  These common questions include, but are not limited to:

(1)     Are Defendants subject to Industrial Welfare Commission Wage Orders and other California laws regulating wages, hours, and working conditions of Plaintiff and California Class Members?

(2)     Did Defendants violate Labor Code § 1197 by not paying California Hourly Paid Employee Class members minimum wages for all time worked?

(3)     Did Defendants violate California Labor Code § 201 or 202 by not paying California Former Employee Class members all wages owed to them upon separation from employment in a timely manner?

(4)     Are Defendants liable to members of the California Former Employee Class for continuation wages under California Labor Code § 203?

(5)     Are Defendants liable to members of the California Hourly Paid Employee Class who are no longer employed?

(6)     What customs, policies, programs, practices, procedures, protocols, routines and rules existed during the California Class Period regarding the "rounding" of clock hours, and the pay of the California Class Members?

(7)     Did the customs, policies, programs, practices, procedures, protocols, routines and rules that existed during the California Class Period result in or contribute to California Class Members not being properly paid?

(8)     Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants during the Class Period result in rounding of California Class Members' time?

(9)     Did Defendants' custom, policy, program, practice, procedure, protocol, routine and/or rule during the California Class Period regarding rounding result in or contribute to Defendants failing to pay California Hourly Paid Employee Class Members minimum wages and liquidated damages for all hours worked?

(10)    What customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants existed during the California Class Period regarding the preparation and furnishing of itemized statements required by California Labor Code § 226 to the California Hourly Paid Employee Class Members upon each payment of wages?

(11)    Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants that existed during the California Class Period result in, or contribute to, the failure of Defendants to pay to California Former Employee Class Members in full, the amounts due within the time required by law upon them quitting or being discharged?

(12)   Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants that existed during the California Class Period result in, or contribute to, the failure of Defendants to furnish accurate itemized statements required by California Labor Code § 226 to the California Hourly Paid Employee Class Members upon each payment of wages?

(13)   Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants that existed during the California Class Period result in, or contribute to, the commission by Defendants of unlawful business practices within the meaning of California Business & Professions Code §§ 17200 *et. seq.*

(14)   Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendants that existed during the California Class Period result in, or contribute to, the commission by Defendants of deceptive business practices within the meaning of California Business & Professions Code §§ 17200 *et. seq.*

(15)   Did the customs, policies, programs, practices, procedures, protocols, routines, and rules of Defendant that existed during the California Class Period result in, or contribute to, the commission by Defendants of unfair business practices within the meaning of California Business & Professions Code §§ 17200 *et. seq.*

(16)   Are Defendants liable to Class members for restitution under Business and Professions Code § 17203?

c.   **Typicality**.  Plaintiff is a member of the California Class, and his claims are typical of the claims of the other California Class members.  Plaintiff is informed and believes and thereon alleges that Defendants have a policy and/or practice of:

(1) rounding hourly paid employees' time, which results in paying employees for less

hours worked than reflected on their time records; (2) not timely paying hourly paid employees all wages owed at the end of their employment; and (3) not providing accurate wage statements to hourly paid employees.  Plaintiff and California Class members have suffered the same or similar injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.  Defendants' conduct is not unique to Plaintiff, but has commonly affected the other California Class members.

        d.    **Adequacy.**  Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent California Class members and will vigorously prosecute this action on behalf of other California Class members.  Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

        e.    **Superiority**.  A class action is superior to other available means for fair and efficient adjudication of the claims of the California Class and would be beneficial for the parties and the Court.  Individual joinder of all California Class members is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual California Class Members are likely to be relatively small in the sense of class action jurisprudence.  The burden and expense of individual litigation would make it difficult or impossible for individual members of the California Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Defendants' unlawful payment practices constitute conduct common to all Class members.  Prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other

members not parties to the adjudication.  Class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.  Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
## FLSA OVERTIME VIOLATIONS
**(By Plaintiff and the FLSA Collective Plaintiffs Against All Defendants**)

19.   Plaintiff incorporate paragraphs 1 through 14 above.

20.   At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ Plaintiff and members of the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

21.   Throughout the FLSA Collective Plaintiffs Period, plaintiffs and FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek, and continue to do so.

22.   Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained common policies, programs, practices, procedures, protocols, routines, and rules of willfully rounding its hourly paid employees' time, which resulted in Defendants paying their hourly paid employees for less time worked than reflected on their time records.

23.   Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant has had, and continues to have common rounding policies, programs, practices, procedures, protocols, routines, and rules through which it willfully failed and refused to pay Plaintiff and members of the FLSA Collective Plaintiffs for

1 | their actual time worked in excess of forty (40) hours per workweek at a rate of time and
2 | one half their regular rate.

3 | 24.   As a result of Defendants' unlawful conduct, Plaintiff and members of the
4 | FLSA Collective Plaintiffs have suffered damages in an amount, subject to proof, to the
5 | extent they were not paid for all overtime wages earned.  The total amount of unpaid
6 | overtime wages and other damages owing to Plaintiff and FLSA Collective Plaintiffs is
7 | not presently known by Plaintiff, but can readily be determined from employment
8 | records maintained by Defendants.

9 | 25.   Plaintiff and FLSA Collective Plaintiffs seek damages in the amount of their
10 | respective unpaid overtime compensation, liquidated (double) damages as provided by
11 | the FLSA for overtime wage violations, attorneys' fees and costs, injunctive relief
12 | requiring Defendants to cease and desist from their violations of the FLSA described
13 | herein, pre-judgment interest, and such other legal and equitable relief as the Court
14 | deems just and proper.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY MINIMUM WAGES
### ( Labor Code §§ 1194, 1194.2, 1197, 1197.1)
### (By Plaintiff and the California Hourly Paid Employee Class
### Against all Defendants)

26.   Plaintiff incorporates paragraphs 1 through 11 and 15 through 18 as though fully set forth herein.

27.   At all relevant times, Plaintiff and other members of the California Hourly Paid Employee Class were employees of Defendant covered by California Labor Code §§ 1194, 1194.2, 1197, and 1197.1, Wage Order 1-2001, and Wage Order MW-2001.

28.   Pursuant to California Labor Code §§ 1194, 1194.2 and 1197, it is unlawful for an employer to suffer or permit a California employee to work without

1  paying wages at the proper minimum wage for all time worked, as required by the

2  applicable IWC Wage Order, here Wage Order 1-2001 and Wage Order MW-2001).

3       29.    Pursuant to IWC Wage Order No. 1, at all times material hereto "hours

4  worked" includes "the time during which an employee is subject to the control of an

5  employer, and includes all the time the employee is suffered or permitted to work,

6  whether or not required to do so."

7       30.    Plaintiff and all the other California Class Members were suffered and

8  permitted, at times when they were subject to Defendants' control, to perform work for

9  which they received no pay, pursuant to Defendants' rounding practices.

10       31.    Pursuant to Labor Code § 1197, Wage Order 1-2001, and Wage

11  Order MW -2001, Plaintiff and other members of the California Hourly Paid Employee

12  Class were entitled to receive minimum wages for such hours worked.

13       32.    Defendants willfully failed and refused, and continue to willfully fail and

14  refuse, to pay Plaintiff and other members of the California Hourly Paid Employee Class

15  for all hours worked in violation of Labor Code § 1197, Wage Order 1-2001, and Wage

16  Order MW-2001.  Plaintiff is informed and believes and thereon alleges that at all

17  relevant times within the applicable limitations period, Defendant maintained a policy or

18  practice of rounding hourly paid employees' time, which results in Defendants paying its

19  hourly paid employees for less time worked than reflected on their time records.

20       33.    As a result of Defendants' unlawful conduct, Plaintiff and other members

21  of the California Hourly Paid Employee Class have suffered damages in an amount,

22  according to proof, to the extent they were not paid minimum wages for all hours

23  actually worked.  The total amount of unpaid minimum wages owing to Plaintiff and

24  California Hourly Paid Employee Class members is not presently known by Plaintiff, but

25  can be determined from employment records maintained by Defendants.

26       34.    Pursuant to Labor Code § 1194.2(a), if an employer fails to pay

27  minimum wages, the employer is liable for the unpaid minimum wages and additional

28

liquidated damages in an amount equal to the unpaid wages, for a total of twice the unpaid minimum wages and interest thereon.

35.     Pursuant to California Labor Code §§ 1194, 1194.2, 1197 and 1197.1, Plaintiff and other members of the California Hourly Paid Employee Class are entitled to recover the full amount of unpaid minimum wages, and liquidated damages in an amount equal to the unpaid wages, and interest thereon, and civil penalties according to proof.

36.     Pursuant to Labor Code § 1194, and pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Hourly Paid Employee Class are also entitled to their attorneys' fees, costs and interest according to proof.

## THIRD CLAIM FOR RELIEF
### FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS
### (Labor Code § 226)
### (By Plaintiff and the California Hourly Paid Employee Class Against all Defendants)

37.     Plaintiff incorporates paragraphs 1 through 11 and 15 through 18 as though fully set forth herein.

38.     Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." § (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorney's fees."

39.     Throughout the period applicable to this cause of action, Defendants knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish, to Plaintiff and other California Class members, upon each payment of wages, itemized statements accurately showing the required information, including but not limited to the total number of actual hours worked.

40.     Plaintiff and the other California Class members suffered injury by these failures because, among other things, the failures led them to believe that they were being paid for all hours actually worked at the correct rates, and because these wage statement failures prevented and will prevent them from determining the true amounts of wages owed to them, and caused them, and will cause them, extra work and effort to determine their true wages.

41.     Plaintiff and the other California Hourly Paid Class members are entitled to the amounts provided for in Labor Code § 226(e), plus costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### FAILURE TO PAY WAGES TIMELY UPON TERMINATION
### (Labor Code § 203)
### (By Plaintiff And The California Former Employee Class
### Against All Defendants)

42.     Plaintiff incorporates paragraphs 1 through 11 and 15 through 18 as though fully set forth herein.

43.     Plaintiff and the other California Former Employee Class members quit or were discharged by Defendants within the statute of limitations applicable to this cause of action.

44.     Pursuant to Labor Code §§ 201 and 202, Plaintiff and members of the California Former Employee Class were entitled, upon the end of their employment with Defendants, to timely payment of their final wages (i.e., all wages earned and unpaid prior to termination).  Discharged employees were entitled to payment of final wages immediately upon termination.  Employees who resigned were entitled to payment of final wages within 72 hours after resignation or, if they gave at least 72 hours previous notice, they were entitled to payment of all final wages at the time of resignation.

45.     Defendants paid members of the California Former Employee Class wages untimely, after the end of their employment by Defendants.  Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained a custom, policy, practice, procedure, protocol, routine or rule of paying terminated employees wages owed to them after their separation from employment without regard for the time payment was due under Labor Code §§ 201 and 202.

46.     Defendants' failure to pay Plaintiff and members of the California Former Employee Class all wages earned prior to separation from employment in accordance with Labor Code §§ 201 and 202 was willful within the meaning of Labor Code § 203.  Defendants had the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but maintained customs, policies, practices, procedures, protocols, routines or rules that were and are incompatible with the requirements of Labor Code §§ 201 and 202.

47.     Pursuant to Labor Code § 203, Plaintiff and members of the California Former Employee Class are entitled to continuation of their wages from the day their earned and unpaid wages were due upon separation, until the day they were paid, up to a maximum of 30 days.

48.     As a result of Defendants' conduct, Plaintiff and members of the California Former Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code § 203.  The

total amount of continuation wages owing to Plaintiff and members of the California
Former Employee Class is not presently known to Plaintiff, but can be determined from
employment records maintained by Defendants.

49.    Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and members of the
California Former Employee Class are entitled to recover the full amount of their
continuation wages under Labor Code § 203, reasonable attorney's fees, and costs of
suit.  Plaintiff and members of the California Former Employee Class are entitled to
recover interest on all due and unpaid wages and continuation wages under Labor Code
§ 218.6 and Civil Code § 3287(a).

## FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY WAGES TIMELY UPON TERMINATION
### (Labor Code § 203)
### (By Plaintiff And The California Hourly Employee
### Class Whose Employment By Defendants Has Ended Against All Defendants)

50.    Plaintiff incorporates paragraphs 1 through 11 and 15 through 18 as though
fully set forth herein.

51.    This Claim for Relief is on behalf of members of the California Hourly Paid
Employee Class who at the time Notice is mailed to the Class of Certification are no
longer employed by Defendants.

52.    Pursuant to Labor Code §§ 201 and 202, Plaintiff and members of the
California Hourly Paid Employee Class no longer employed by Defendants were
entitled, upon the end of their employment with Defendant, to timely payment of their
final wages (i.e., all wages earned and unpaid prior to termination).  Discharged
employees were entitled to payment of final wages immediately upon termination.
Employees who resigned were entitled to payment of final wages within 72 hours after
resignation or, if they gave at least 72 hours previous notice, they were entitled to

1  payment of all final wages at the time of resignation.

2      53.   Defendants failed to pay California Hourly Paid Employee Class members

3  no longer employed by Defendants, without abatement, all the wages due upon

4  separation from employment within the time periods provided in Labor Code § § 201

5  and 202 by failing to pay them the wages owed to them as a consequence of Defendants

6  rounding practices.

7      54.   Defendant's failure to pay Plaintiff and members of the California Hourly

8  Paid Employee Class no longer employed by Defendants all wages earned prior to

9  separation from employment in accordance with Labor Code §§ 201 and 202 was willful

10  within the meaning of Labor Code § 203. Defendants had the ability to pay final wages

11  in accordance with Labor Code §§ 201 and 202 but maintained customs, policies,

12  practices, procedures, protocols, routines or rules that were and are incompatible with the

13  requirements of Labor Code §§ 201 and 202.

14      55.   Pursuant to Labor Code § 203, Plaintiff and members of the California

15  Hourly Paid Employee Class no longer employed by Defendants are entitled to

16  continuation of their wages from the day their earned and unpaid wages were due upon

17  separation, until up to a maximum of 30 days.

18      56.   As a result of Defendants' conduct, Plaintiff and members of the California

19  Hourly Paid Employee Class no longer employed by Defendants have suffered damages

20  in an amount, subject to proof, to the extent they were not paid all continuation wages

21  owed under Labor Code § 203. The total amount of continuation wages owing to

22  Plaintiff and members of the California Hourly Paid Employee Class who are no longer

23  employed by Defendants is not presently known to Plaintiff, but can be determined from

24  employment records maintained by Defendants. A Class member's combined

25  continuation wages recovery from this Cause of Action and the Fourth Cause of Action

26  cannot exceed thirty (30) days of pay.

27  //

28

57.     Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and members of the California Hourly Paid Employee Class no longer employed by Defendants are entitled to recover the full amount of their continuation wages under Labor Code § 203, reasonable attorney's fees, and costs of suit.  Plaintiff and members of the California Hourly Paid Employee Class no longer employed by Defendants are entitled to recover interest on all due and unpaid wages and continuation wages under Labor Code § 218.6 and Civil Code § 3287(a).

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
### (By Plaintiff and All California Classes Against all Defendants)

58.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

59.     Plaintiff brings this action on behalf of each and all members of California's general public, California Class Members, FLSA Collective Plaintiffs who worked for Defendants in California during the applicable statute of limitations periods, and Plaintiff himself, pursuant to Business and Professions Code § 17200 *et. seq.*

60.     Defendants' conduct alleged above constitutes unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of Business & Professions Code § 17200 *et seq.*   Due to their unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of the Fair Labor Standards Act and the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees minimum wages, overtime wages, and final wages timely upon termination as required by law.

61.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the California Classes have suffered injury in fact and lost money or property.  Plaintiff and members of the California Classes were deprived of their rights to

1  minimum wages for all hours worked and overtime wages for all hours worked.  Plaintiff

2  and members of the California Classes were also deprived of their rights to timely

3  payment of final wages in accordance with Labor Code § 201 or 202 and were not paid

4  continuation wages owed to them under Labor Code § 203.

5      62.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the

6  California Class Members are entitled to restitution for at least the following:  minimum

7  wages, overtime wages, and continuation wages (Labor Code § 203) owed to them but

8  unlawfully not paid, withheld and/or retained by Defendants, as described above.

9      63.    Plaintiff and the California Class Members and the general public are also

10 entitled to permanent injunctive and declaratory relief prohibiting Defendants from

11 engaging in the violations and other misconduct referred to above.

12     64.    Defendants are also liable to pay attorneys' fees pursuant to Code of Civil

13 Procedure § 1021.5, the substantial benefit doctrine, the common fund doctrine or other

14 applicable law, and costs.

15

16                        **PRAYER FOR RELIEF**

17     WHEREFORE, Plaintiff for himself and all others on whose behalf this suit is

18 brought, prays for relief and judgment against Defendants, jointly and severally, as

19 follows, in amounts according to proof (where amounts are sought):

20     A.    An order that the California Class be certified;

21     B.    An order that Plaintiff be appointed representative of the California Class;

22     C.    An order that counsel for Plaintiff be appointed as counsel for the California

23           Class;

24     D.    An order that the FLSA collective action be certified;

25     E.    An order that Plaintiff be appointed representative of the FLSA Collective

26           Plaintiffs;

27

28

F.   Judgment in favor of Plaintiff and the Class and against Defendants;

G.   For unpaid wages at overtime rates for all overtime hours worked;

H.   For unpaid minimum wages;

I.   For the amounts provided in Labor Code § 203 for all California Former Employee Class Members and all California Hourly Paid Employee Class Members no longer in Defendants' employ at the time Notice is mailed to the Class;

J.   For the amounts provided for in Labor Code § 226(e);

K.   For liquidated damages and penalties;

L.   For restitution, injunctive and other relief authorized by Business and Professions Code §§ 17200 *et seq.*;

M.   For injunctive and other relief authorized by the FLSA;

N.   Pre-judgment interest;

O.   Reasonable attorney's fees under the FLSA, California Labor Code and other applicable provisions of law outside of the FLSA and Labor Code;

P.   Costs of suit; and

Q.   Such other relief as required by law, which the Court deems just and proper.

DATED: October _8_, 2009        By: _____
                                    Zorik Mooradian
                                    Attorneys for Plaintiff
                                    BENJAMIN GRANADOS

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class  to the full extent permitted by law.

DATED: October _8_, 2009        By: _____
                                    Zorik Mooradian
                                    Attorneys for Plaintiff
                                    BENJAMIN GRANADOS

EXHIBIT A

## FLSA CONSENT

I, Benjamin Granados consent to the filing of a Fair Labor Standards Act case/claim on my behalf in either state or federal court against Bimbo Bakeries USA and/or any affiliated " Employers".


8/26/09
_____
Date

_____
Benjamin Granados