

FILED
CLERK, U.S. DISTRICT COURT
JUN 1 6 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GRANADOS, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIMBO BAKERIES USA, INC., and DOES 1-10,<br><br>Defendant. | Case No. CV09-07329-DMG (FFMx)<br><br>[~~PROPOSED~~] ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL<br><br>Complaint filed: October 8, 2009<br><br>Assigned To: The Hon. Dolly M. Gee |

Having reviewed the parties' Stipulation Regarding Confidentiality of Discovery Material (hereinafter "Stipulation"), IT IS HEREBY ORDERED:

1.  The Parties shall have the right to limit access to any document or data **or other items (FFM)** produced in discovery ~~or other item~~ **(FFM)** relevant to this litigation, including without limitation data or documents produced by a party or third third-party, answers to interrogatories, and any portion of deposition testimony ~~or other testimony~~ **(FFM)** by a witness, to the counsel for the Parties. Such documents and data, include, without limitation, those that contain confidential compensation, benefits, work hours, and other personal information pertaining to putative class members other than the named Plaintiff**, but shall be limited to documents or data which the party asserting the designation believes**

///

DB1/64752199.1

**in good faith will, if disclosed, have the effect of causing harm to that party's competitive position or the privacy interests of anyone. (FFM)**

2. Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other Party in writing of the material to be considered so designated. With regard to testimony, a Party must notify the other parties of the portion of testimony to be designated "COUNSEL ONLY" either on the record at the deposition or in writing not later than ten (10) days after the transcript is received.

3. All information designated as "COUNSEL ONLY" shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of the Court. ~~All data and documents produced by Defendant for purposes of mediation shall be designated as "COUNSEL ONLY" without objection by Plaintiff or his counsel.~~ **(FFM)** All information designated as "COUNSEL ONLY" shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a. the undersigned counsel and attorneys from their respective law firms, in-house counsel for Defendant, and the employees of any of the above counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

    b. any outside expert engaged by a Party for the purpose of assisting in this litigation, provided, however, that (i) such outside expert agrees in writing to comply with the terms of the Stipulation in the format attached as Exhibit A hereto, and (ii) no such information shall be disseminated to any expert who is currently employed or retained by a direct business competitor of a Party or its affiliates subject to review by the Court;

///

        c.    any trial or deposition witnesses, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action, provided that all individual identifier information and all individual compensation and benefits information pertaining to putative class members other than the named Plaintiff is redacted before the document(s) or information designated for "COUNSEL ONLY" is shared with the witness(es) <u>and</u> only if, prior to any such dissemination, the witness(es) provide a written statement in the format attached as Exhibit "A" hereto, that they agree to be bound by the Confidentiality Agreement;

        d.    any person who was involved in the preparation of the document or information;

        e.    any other person, entity, or firm with the prior written consent of all Parties; or

        f.    any mediator selected by the parties.

        g.    **the Court and its personnel. (FFM)**

4.    The Parties shall also have the right to designate as "CONFIDENTIAL" any document, data, or other item relevant to this litigation, including, without limitation, data or documents produced by a party or third third-party, answers to interrogatories, and any portion of deposition testimony ~~or other testimony~~ **(FFM)** by a witness. Such documents and data include, without limitation, employment records, payroll records, financial/accounting records of any Party, and time-keeping data, **but shall be limited to documents or data which the party asserting the designation believes in good faith will, if disclosed, have the effect of causing harm to that party's competitive position or the privacy interests of anyone. (FFM)**

5.    Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other Party in writing of the material to be

1  considered so designated.  With regard to testimony, a Party must notify the other
2  parties of the portion(s) of the record to be designated "CONFIDENTIAL" either
3  on the record at the deposition or in writing not later than ten (10) days after the
4  transcript is received.
5      6.    All information designated as "CONFIDENTIAL" shall be used only
6  for the purposes of this action and shall not be used for any other purpose except
7  upon written consent of the designating party or order of the Court.  All information
8  designated as "CONFIDENTIAL" shall be held in confidence and shall not be
9  revealed, discussed, or disclosed in any manner, in any form, to any person or entity
10 other than:
11     a.    the named Plaintiff in this action, the undersigned counsel and
12 attorneys from their respective law firms, in-house counsel for Defendant, and the
13 employees of any of the above counsel to whom it is necessary that the information
14 be disclosed for purposes of this litigation only;
15     b.    any expert engaged by a Party for the purpose of assisting in this
16 litigation, provided, however, that (i) such outside expert agrees in writing to
17 comply with the terms of this Stipulation in the format attached as Exhibit A hereto,
18 and (ii) no "CONFIDENTIAL" information shall be disseminated to any expert
19 who is employed or retained by a direct business competitor of a Party or its
20 affiliates;
21     c.    any trial or deposition witnesses, but only to the extent
22 reasonably deemed necessary by counsel for the prosecution, defense or settlement
23 of this action and only if, prior to any such dissemination, the witness(es) provide a
24 written statement in the format attached as Exhibit "A" hereto, that they agree to be
25 bound by the Confidentiality Agreement;
26     d.    any person who was involved in the preparation of the document
27 or information; or
28 ///

    h. any other person, entity, or firm with the prior written consent of all Parties; or

    i. any mediator selected by the parties.

    **j.** **The Court and its personnel. (FFM)**

  7. Any Party that provides information designated as "CONFIDENTIAL" documents or other discovery obtained from any other Party in the course of this litigation to any person permitted under the Stipulation, including the named Plaintiff and witness(es), or any expert (other than the Court, court personnel, and court reporters or any mediator selected by the parties) will ensure that the receiving person is advised of the Confidentiality Agreement and agrees to be bound by it.  Any violation of the Confidentiality Agreement by any person shall also be deemed a violation by the Party that provided to that person the documents and/or information.  Each party shall maintain a written list of persons to whom the party provides information designated as "CONFIDENTIAL" by another party.

  8. When any document or information designated "COUNSEL ONLY" or "CONFIDENTIAL" or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing or other submission to the Court, those materials and papers, or any portion thereof that discloses information designated as "COUNSEL ONLY" or "CONFIDENTIAL," shall be ~~filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____,"~~ **lodged (FFM)** together with a simultaneous application pursuant to L.R. 79-5 (hereinafter the "Interim Sealing Application").  The Interim Sealing Application shall be governed by L.R. 79-5.  Even if the filing party believes that the materials subject to the Confidentiality Agreement are not properly classified as confidential, the filing party shall file the Interim Sealing Application; provided, however, that the filing of the Interim Sealing Application shall be without prejudice to the filing party's rights under ¶ 9 of the Confidentiality Agreement.

9. Nothing in the Agreement shall preclude any Party from challenging a designation of "COUNSEL ONLY" or "CONFIDENTIAL" by another Party.

    a. If any Party elects to challenge a designation of any data, document, interrogatory response, deposition testimony, or other information pursuant to this order, that Party must provide at least ten (10) days advance written notice to afford the designating Party an opportunity to remove voluntarily such designation.

    b. If, after the ten-day period has expired, the designating Party has not agreed to remove the designation and the Parties are otherwise unable to resolve the challenge to the designation after conferring in good faith in person or by phone, the challenging and designating Parties shall contact the Court for a determination of whether the challenged designation is appropriate. The designating Party shall provide the Court with one copy of the material challenged. If the designating party does not initiate a determination, as defined below, of the designation by the Court within ten (10) days after the ten-day period has expired, the documents, deposition testimony, or other information at issue will lose the designation of "COUNSEL ONLY" or "CONFIDENTIAL." The designating party must initiate determination of the designation by the Court by ~~(1) calling the Magistrate Judge's clerk and requesting a telephonic or in-person hearing, and, if requested by the Magistrate Judge, (2)~~ **(FFM)** sending a letter to the challenging party under Central District Local Rule 37-1, followed by a conference of counsel under L.R. 37-1 and the designating party sending that party's portion of a joint stipulation under L.R. 37-2 to the challenging party within ten (10) days after the conference of counsel.

    c. If a Party challenges a designation of "COUNSEL ONLY" or "CONFIDENTIAL" to the Court, the material is to be treated as "COUNSEL ONLY" or "CONFIDENTIAL" until such time as the Court has ruled on the

1  challenge, at which time the "COUNSEL ONLY" or "CONFIDENTIAL"
2  designation will be removed only if the Court so orders.

3      10.    In addition to the obligations of the Parties and their counsel to ensure
4  compliance with the Agreement by third parties who execute Exhibit A hereto,
5  nothing in the Agreement shall preclude any Party from seeking from the Court an
6  Order binding third parties to abide by the Agreement.

7      11.    Within forty-five (45) days after the close of this litigation for any
8  reason, each Party and its counsel shall retrieve all copies of materials designated
9  "COUNSEL ONLY" or "CONFIDENTIAL" from his and/or its own files, and
10 from experts or other persons to whom he or it has provided such materials, and
11 shall do one of the following: (1) return to the designating Party all such materials,
12 including all copies thereof, produced by such designating Party during this action;
13 or (2) certify in writing to the designating Party that all materials designated
14 "COUNSEL ONLY" or "CONFIDENTIAL" produced by such other Party during
15 this action have been destroyed. In addition to these obligations, within forty-five
16 (45) days after the completion of the mediation, if any, Plaintiff's counsel shall
17 retrieve from their files and from all experts they have retained all copies of data
18 and spreadsheets provided by Defendant to Plaintiff's counsel for purposes of
19 mediation, as well as all other compilations, lists or summaries of those materials,
20 and shall return all such materials to Defendant or certify in writing to Defendant
21 that all such materials have been destroyed, which shall include completely erasing
22 all copies of the materials from computer databanks, hard drives, external drives,
23 and disks. A Party who prevails in an effort to enforce some or all of the terms of
24 this Paragraph 11 shall be entitled to recover its reasonable attorneys' fees and costs
25 incurred in doing so.

26     12.    To the extent that any documents designated as "COUNSEL ONLY"
27 or "CONFIDENTIAL" are produced by a Party in connection with any mediation
28 in this action, the receiving counsel shall not forward any electronic copies or hard

1  copies of such documents to anyone else and shall return such documents and all
2  copies thereof immediately upon the conclusion of the mediation and shall not
3  retain any copies, summaries, or electronic images of such documents.
4  Notwithstanding the foregoing, the Parties may mutually agree to extend the time
5  for the return of such documents to facilitate continued settlement discussions, if
6  any.

7      13.     Nothing herein contained shall be construed to preclude or limit any
8  Party from opposing any discovery on any grounds that would otherwise be
9  available. The Agreement shall not, in and of itself, prejudice any contention of
10 any Party upon any motion, nor shall the Agreement constitute a waiver of any
11 right to seek relief from the Court from any and all of the provisions hereof or other
12 modifications of the terms hereof. The Agreement shall not limit any Party's right
13 to seek judicial review or to seek further and additional protection against or
14 limitation upon production or dissemination of information and documents or their
15 contents.

16     14.     Nothing herein shall be construed to preclude or limit the presence of
17 any individual at any hearings in, or the trial of, this action.

18     15.     Inadvertent failure to designate material as "COUNSEL ONLY" or
19 "CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, and
20 may be corrected by the producing party by written notification to the recipient
21 promptly upon discovery of the failure to designate.

22     16.     Nothing in the Confidentiality Agreement shall be deemed to be a limit
23 or waiver of the attorney-client privilege, the work product doctrine, or any other
24 relevant privilege. Further, inadvertent production of privileged information shall
25 not waive the privilege. If privileged information is inadvertently produced, the
26 recipient agrees that, upon written request from the producing party, it shall
27 promptly return all copies of documents and/or electronic media provided
28 containing the privileged information, and make no use of the privileged

information.

17.  In the event that any Party or their counsel obtains information from a third party that the Party believes in good faith to be confidential, the Party may designate such information "COUNSEL ONLY" or "CONFIDENTIAL" pursuant to the Confidentiality Agreement and it shall be treated as such in accordance with the Confidentiality Agreement.

18.  Upon the final resolution of this litigation, the provisions of the Confidentiality Agreement shall continue to be binding. The Court will expressly retain jurisdiction over this action for enforcement of the provisions of the Confidentiality Agreement following the final resolution of this litigation.

19.  The Confidentiality Agreement is binding on all Parties to this action and on all third parties who have been served with a copy of the Confidentiality Agreement, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court.

**20.  Nothing herein shall be construed as limiting the rights of third parties involved in other actions to conduct discovery, to limit the subpoena power of another court, or to relieve any party of an obligation to comply with a lawful subpoena or any other lawful process issued by a court.  (FFM)**

IT IS SO ORDERED.

Dated: 6/16/10

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A CONFIDENTIALITY STIPULATION AND ORDER

The undersigned hereby acknowledges that he/she has read the Stipulation and Order Regarding Confidentiality Of Discovery Material ("Order") in Benjamin Granados v. Bimbo Bakeries USA, Inc., Civil Action No. CV09-07329-DMG (FFMx), and understands their terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing their terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Stipulation and Order.

Dated: _____, 2010

By: _____

(Type or print name of individual)

Of: _____
    Name of Employer