Dennis F. Moss (SBN 77512)
email: dennisfmoss@yahoo.com
SPIRO MOSS LLP
11377 W. Olympic Blvd, Fifth Floor
Los Angeles, CA 90064-1683
T. (310) 235-2468; F. (310) 235-2456

Attorneys for Plaintiff Benjamin Granados

(Next page for additional attorney information)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GRANADOS, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>BIMBO BAKERIES USA, INC., and DOES 1 through 10,<br><br>     Defendants. | Case No. CV 09-07329 DMG<br><br>[CLASS ACTION]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  June 6, 2011<br>Time:  9:30 a.m.<br>Judge: Hon. Dolly M. Gee<br>Crtrm: 7 |

1  Sahag Majarian, II (SBN 146621)
2     sahagii@aol.com
   LAW OFFICES OF SAHAG MAJARIAN, II
3  18250 Ventura Boulevard
4  Tarzana, CA 91356
   T. (818) 609-0807; F. (818) 609-0892
5
6  ZORIK MOORADIAN (SBN 136636)
      zmooradian@aol.com
7  LAW OFFICES OF ZORIK MOORADIAN
   16501 Ventura Boulevard, Suite 410
8  Encino, CA 91436
9  T. (818) 783-4700; F. (818) 783-8983

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

**PLEASE TAKE NOTICE** that on June 6, 2011, at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7 of the United States Courthouse, located at 312 N. Spring Street, Los Angeles, California, Plaintiff Benjamin Granados ("Plaintiff") will and hereby does move the Court for an Order granting final approval of the class action settlement ("Settlement") reached with Defendant Bimbo Bakeries USA, Inc. ("BBUSA") which was preliminarily approved by the Court on December 28, 2010. Specifically, Plaintiff moves for an Order:

1. Finding and determining that the notice procedure afforded to Class Members under the Settlement gave them the best notice practicable under the circumstances and satisfied the requirements of law and due process;

2. Finding and determining that the Settlement Class, as defined in the Settlement, meets all of the legal requirements for class certification, for settlement purposes, and ordering that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action;

3. Finding and determining that the Settlement Class Members meet the requirements for collective certification under Section 216(b) 3 of the Fair Labor Standards Act;

4. Finding and determining that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member and that the Class Members who have not opted out are bound by the Settlement, and ordering that all terms and provisions of the Settlement are to be consummated;

5. Approving the Settlement, and each of the Releases and other terms set forth in the Settlement Agreement as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative and BBUSA (collectively "Settling Parties");

6. Finding and determining that the Settlement Shares to be paid to Class Members who submitted claims in accordance with the Settlement are fair and

1  reasonable and giving final approval to and ordering the payment of those amounts
2  to Class Members in accordance with the Settlement;
3        7.    Finding and determining that payment to the California Labor and
4  Workforce Development Agency of $7,500 as its share of the settlement of civil
5  penalties in this case is fair, reasonable, and appropriate, and giving final approval
6  to and ordering the payment of that amount to the LWDA in accordance with the
7  Settlement;
8        8.    Finding and determining that the fees and expenses of Simpluris, Inc.
9  in administrating the settlement in the amount of $33,000 are fair and reasonable,
10 and giving final approval to and ordering the payment of that amount to the
11 Settlement Administrator in accordance with the Settlement;
12       9.    Determining by separate Order the request by Plaintiff for an Award
13 of Attorney's Fees, Costs and Class Representative Enhancement Payment;
14       10.   Without affecting the finality of its Order granting final approval of
15 the Settlement, ordering that the Court retains jurisdiction of all matters relating to
16 the interpretation, administration, implementation, effectuation and enforcement of
17 its Order and the Settlement;
18       11.   Ordering that, pursuant to the Settlement, all Class Members who did
19 not timely request exclusion from the Settlement are permanently barred from
20 prosecuting against BBUSA and its parents, predecessors, successors, subsidiaries,
21 affiliates, and trusts, and all of its employees, officers, agents, attorneys,
22 stockholders, fiduciaries, other service providers, and assigns, any of the claims
23 released by them under the Settlement;
24       12.   Ordering the parties to comply with the terms of the Settlement; and
25       13.   Dismissing the action with prejudice, except as to those persons who
26 have validly and timely requested exclusion, and except as to the FLSA claims of
27 Settlement Class Members who did not file claims.
28       Plaintiff's motion is made on the grounds that the Settlement is fair,

1  reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure
2  and is based on this Notice; the Memorandum of Points and Authorities,
3  Supplemental Declarations of Dennis F. Moss, Sahag Majarian, II, Zorik
4  Mooradian and Krista Tittle submitted herewith; all other pleadings and papers on
5  file in this action; and any oral argument or other matter that may be considered by
6  the Court.

8  DATED: May 9, 2011         SPIRO MOSS LLP
9                              By: /s/ Dennis F. Moss
10                             Attorneys for Plaintiff