1  Dennis F. Moss (SBN 77512)
2    email: dennisfmoss@yahoo.com
   SPIRO MOSS LLP
3  11377 W. Olympic Blvd, Fifth Floor
4  Los Angeles, CA 90064-1683
   T. (310) 235-2468; F. (310) 235-2456
5
6  Attorneys for Plaintiff Benjamin Granados

7  (Next page for additional attorney
   information)
8

9
10                 **UNITED STATES DISTRICT COURT**
11                 **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  BENJAMIN GRANADOS, individually and on behalf of others similarly situated, | Case No. CV 09-07329 DMG (FFMx) |
| 14 | [CLASS ACTION] |
| 15             Plaintiff, | **[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT** |
| 16  vs. | |
| 17 | |
| 18  BIMBO BAKERIES USA, INC., and DOES 1 through 10, | |
| 19 | |
| 20             Defendants. | |

Sahag Majarian, II (SBN 146621)
 sahagii@aol.com
LAW OFFICES OF SAHAG MAJARIAN, II
18250 Ventura Boulevard
Tarzana, CA 91356
T. (818) 609-0807; F. (818) 609-0892

ZORIK MOORADIAN (SBN 136636)
 zmooradian@aol.com
LAW OFFICES OF ZORIK MOORADIAN
16501 Ventura Boulevard, Suite 410
Encino, CA 91436
T. (818) 783-4700; F. (818) 783-8983

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

1

1  This matter came on for hearing on June 6, 2011 upon the Court's Order on December 28, 2010 following Plaintiff's motion for preliminary approval of the settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above-captioned matter, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court has jurisdiction over the subject matter of the above-captioned matter, the Class Representative, as defined below, Defendant Bimbo Bakeries USA, Inc. ("BBUSA"), and all members of the settlement class, which consists of all persons who were on the payroll of Defendant BBUSA for at least one day during the period of time beginning on October 8, 2005 and ending on the date of the Preliminary Approval Order, employed in a position that was subject to time rounding by BBUSA in the State of California (collectively "Settlement Class" or "Settlement Class Members").

2. The term "Settlement Agreement" shall refer to the Joint Stipulation of Class Settlement and Release filed by the Class Representative in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Settlement Agreement unless specifically provided herein.

3. The Court grants final approval of the parties' Settlement Agreement.

4. The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

2

under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or Class Counsel's motion for the Class Counsel Attorneys' Fees and Costs Payment, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement or Class Counsel's motion for the Class Counsel Attorneys' Fees and Costs Payment. Adequate periods of time were provided by each of these procedures.  No Settlement Class Members objected to the Settlement Agreement or Class Counsel's motion for the Class Counsel Attorneys' Fees and Costs Payment and only eight individuals opted out of the Settlement.

     5.    The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b) (3).  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified a Class of all Settlement Class Members, as that term is defined above.  Because the Rule 23 Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b) (3).  See *Amchem Products, Inc. v. Windsor*. 521 U.S. 591 (1997).

     6.    The Court finds, for settlement purposes only, that the Settlement Class Members meet the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act.

     7.    The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and BBUSA (collectively 'Sett1ing Parties"). The Settling Parties and the

1  Settlement Administrator are directed to perform in accordance with the terms set
2  forth in the Settlement Agreement.
3          8.      Except as to any individual claim of those persons (identified in
4  Attachment A hereto, if any) who have validly and timely requested exclusion from
5  the Class, all of the claims asserted in the above-captioned matter are dismissed
6  with prejudice as to the Class Representative and the Settlement Class Members.
7  The Settling Parties are to bear their own attorneys' fees and costs, except as
8  otherwise provided in the Stipulation.
9          9.      By this Judgment, the Class Representative, and each Settlement Class
10 Member who has not validly and timely requested exclusion from the Settlement by
11 opting out, shall be deemed to have, and by operation of the Judgment shall have,
12 fully, finally, and forever released and discharged, BBUSA and its past, present and
13 future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates
14 (including each such affiliate's past, present and future parents, subsidiaries and
15 joint ventures), divisions and subdivisions, and its and each such entities' current
16 and former officers, directors, employees, partners, shareholders, agents, insurers,
17 successors assigns, and legal representatives, all in their individual and corporate
18 capacities (the "BBUSA Parties"), from any and all claims, obligations, causes of
19 action, actions, demands, rights, and liabilities of every kind, nature and
20 description, whether known or unknown, whether anticipated or unanticipated,
21 arising prior to this Order (1) arising from or related to claims that have been pled
22 or could have been pled based upon the factual allegations in the Complaints,
23 including the Second Amended Complaint, and/or (2) which could have been pled
24 in the Action which arise out of or relate to time rounding or donning and doffing
25 work clothing in the Action, including but not limited to claims for (i) the alleged
26 failure to pay any type of overtime wages arising from or related to rounding or
27 donning and doffing claims, (ii) the alleged failure to pay minimum wage arising
28 from or related to rounding or donning and doffing claims, (iii) the alleged failure

to comply with meal periods or rest breaks arising from or related to rounding or donning and doffing practices, (iv) the alleged failure to provide itemized wage statements arising from or related to rounding or donning and doffing practices, (v) the alleged failure to timely pay wages due arising from or related to rounding or donning and doffing practices, (vi) any alleged failure to provide benefits arising from or related to rounding or donning and doffing practices; and (vii) all other time rounding or off-the-clock wage/hour and wage payment Claims arising under the laws of the State of California and arising from or related to rounding of time or donning and doffing work clothing, including, without limitation, statutory, constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid costs; any and all of the following based on the foregoing claims and/or causes of action: all waiting time and wage statement penalties that were sought or could have been sought in the Complaint, other penalties (including penalties under PAGA), liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for unfair business practices or unfair competition, including, without limitation, claims arising under California Business & Professions Code § 17200 *et seq.* (collectively, the "State Law Released Claims").

10.   By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the BBUSA Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising prior to this Order, that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA arising from or relating to rounding or donning and doffing, including claims for wages, overtime, straight time, minimum wages, premium pay, liquidated damages, interest, attorneys' fees, litigation costs, and equitable relief (collectively, the "Federal Law Released Claims").

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

5

11. In addition, the Class Representative agrees to release the BBUSA Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date of this Order is entered by the Court (C1ass Representative's Released Claims"). The Class Representative's Released Claims include, but are not limited to, those claims that were or could have been asserted in the Action; all other claims arising under the Fair Labor Standards Act ("FLSA"), the California Labor Code, California Business and Professions Code section 17200 *et seq*., the Employee Retirement Income Security Act ('ERISA"), and all other federal, state, and local statutes, regulations, and common law theories, all other claims for lost wages and benefits, interest, and penalties, including penalties under the Labor Code Private Attorneys General Act (PAGA"), meal and/or rest period premium pay, penalties associated with alleged wage statement violations, and penalties associated with an alleged failure to timely pay wages due all claims for emotional distress, punitive damages, and attorneys' fees and expenses arising under federal, state, or local laws for discrimination, harassment, retaliation, and/or wrongful termination, such as, by way of example only, claims pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq*.; and all claims arising under the law of contract and tort (the "Class Representative's Release of Claims").

12. By this Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the BBUSA Parties from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the Action, including but not limited to claims

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

6

1  based on the FLSA, the California Labor Code, or any other statute or law (the
2  "Class Counsels Released Claims").

3      13.    Neither the Settlement Agreement nor the settlement contained therein,
4  nor any act performed or document executed pursuant to or in furtherance of the
5  Settlement Agreement or the settlement:  (i) is or may be deemed to be or may be
6  used as an admission of, or evidence of, the validity of any Released Claims or
7  Class Representative's Released Claims, any wrongdoing or liability of BBUSA or
8  any of the BBUSA Parties, or whether class or collective action certification is
9  warranted in any other litigation; or (ii) is or may be deemed to be or may be used
10 as an admission of, or evidence of, any fault or omission of BBUSA or any of the
11 BBUSA Parties in any civil, criminal or administrative proceeding in any court,
12 administrative agency or other tribunal.  BBUSA may file the Judgment from the
13 above-captioned matter in any other action that may be brought against them in
14 order to support a defense or counterclaim based on principles of res judicata,
15 collateral estoppel, release, good faith settlement, judgment bar or reduction or any
16 theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17     14.    The action is dismissed on the merits and with prejudice, permanently
18 barring the Class Representative and all other Settlement Class Members (other
19 than those who timely filed Opt-Out Forms) from prosecuting any of the Released
20 Claims, the Claimants from prosecuting any of the Federal Released Claims, the
21 Class Representative from prosecuting any of the Released Claims or Class
22 Representative's Released Claims, or the Class Counsel from prosecuting any of
23 the Class Counsels' Released Claims.

24     15.    The Court finds that the plan of allocation set forth in the Settlement
25 Agreement is fair and reasonable and that distribution of the Settlement Fund to
26 Claimants shall be done in accordance with the terms outlined in the Class Notice
27 and Settlement Agreement.

28     16.    The Court hereby orders the appointment of Benjamin Granados as

Class Representative for the Settlement Class for purposes of settlement.

17. The Court hereby orders the appointment of Dennis F. Moss and Spiro Moss LLP; Zorik Mooradian and Law Offices of Zorik Mooradian; Sahag Majarian II and Law Office of Sahag Majarian II, as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

18. BBUSA has agreed to pay from the Qualified Settlement Fund: (i) Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter; (ii) the Settlement Administrator its reasonable fees for its services; (iii) the PAGA Penalty Payment; and (iv) an enhancement to the Class Representative to reimburse him for his unique services. The attorneys' fees requested equal 25% of the Settlement Fund, which is consistent with the Ninth Circuit's benchmark for fee awards in class actions. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Court finds that these payments are fair and reasonable in light of a lodestar cross check. Accordingly, the Court hereby awards to Class Counsel their attorneys' fees in the amount of $275,000 and costs of $6705.00 as of the date of disbursement. The Court also hereby approves the payment of settlement administration costs in the amount of $33,000 to Simpluris, Inc., the Settlement Administrator, for services rendered in this matter.

19. The enhancement award to the Class Representative in an amount of Five Thousand Dollars ($5,000) is approved to reimburse the Class Representative for his unique services in initiating and maintaining this litigation.

20. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, and the Class Representative in accordance with the terms of the Settlement Agreement. Those payments come out of the total Qualified Settlement Fund provided for in the Settlement Agreement and BBUSA shall not be required to make any additional payments in connection with the Settlement, other than the payment of its share of payroll taxes as provided for in the Settlement Agreement.

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

8

21. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, the Class Representative, the Settlement Class, and BBUSA for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

22. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:   June 6, 2011

_____
DOLLY M. GEE
United States District Judge

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

9